**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tonja Mize, | No. CV-21-00330-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b)(1)(A). (Doc. 34.) Plaintiff's motion is supported by a memorandum of points and authorities. (Doc. 35.) Defendant filed a Response stating that he "neither supports nor opposes counsel's request for attorney's fees." (Doc. 36.) For the following reasons, the Court will grant Plaintiff's Motion and award Plaintiff $15,149.68 in attorney's fees.

### I.    BACKGROUND

On March 31, 2023, the Court entered an Order reversing the Social Security Commissioners' final decision and remanding the case for further proceedings. (Doc. 28.) On June 12, 2023, the Court entered an Order awarding Plaintiff $9,500.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 33.) On June 4, 2024, Plaintiff received a fully favorable decision from the Administrative Law Judge finding her disabled under §§ 216(i) and 223(d) of the Social Security Act since April 23, 2019. (Doc. 35-3 at 11.) The Social Security Administration awarded Plaintiff past-due benefits in the amount of $60,598.70 for October 2019 through May 2024. (Doc.

35-4 at 3.) The Social Security Administration withheld 25% of Plaintiff's past-due benefits in the amount of $15,149.68 to "pay an approved representative's fee." (*Id.*) Plaintiff's counsel requests an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $15,149.68 before accounting for the $9,500.00 in EAJA fees that were previously awarded. (Doc. 35 at 7.)

## II.     LEGAL STANDARDS

Section 406(b)(1)(A), Title 42, United States Code, provides, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ." 42 U.S.C. § 406. A prevailing Social Security benefits claimant may also be awarded fees pursuant to the EAJA "if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Lozoya v. Kijakazi*, 2022 WL 80048, at *2 (D. Ariz. Jan. 7, 2022) (quoting *Gisbrecht*, 535 U.S. at 796). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (citations omitted). "Where the court allows a fee, § 406(b) permits the Commissioner to collect the approved fee out of the client's benefit award and to certify the fee for 'payment to such attorney out of' that award." *Astrue v. Ratliff*, 560 U.S. 586, 596 n. 4 (2010) (citing 42 U.S.C. § 406(b)(1)(A)).

The district court provides "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Lozoya*, 2022 WL 80048,

at *2 (quoting *Gisbrecht*, 535 U.S. at 808). "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Lozoya*, 2022 WL 80048, at *2 (quoting *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009)). "[T]he district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* (quoting *Crawford*, 586 F.3d at 1149).

## III.   ANALYSIS

Plaintiff executed a Federal Court Social Security Fee Agreement ("Agreement") outlining counsel's entitlement to fees for his representation of Plaintiff. (Doc. 35-2 at 1.) The Agreement provides, in relevant part, that Plaintiff agrees to pay "as the attorney's fee 25% of any past due benefits which [she] receives on behalf of [her] Social Security Disability claim." *Id.* The Court finds that the Agreement is consistent with § 406(b)(1)(A)'s twenty-five percent limit of past-due benefits on contingent fee agreements.

The Court finds the fee award should not be reduced based upon the quality of the representation. Plaintiff's counsel was successful in obtaining a remand and a fully favorable decision after further administrative proceedings. The Court also finds that Plaintiff's counsel did not engage in dilatory tactics. Plaintiff's counsel is requesting $15,149.68 for 42.7 hours of work on Plaintiff's matter for an effective hourly rate of $350.79 per hour. (Doc. 35 at 6.) The hourly rate is reasonable based on counsel's qualifications and experience, and the prevailing market rate in Tucson, Arizona. *See Snyder v. Berryhill*, 2018 WL 905143, at *1 (D. Ariz. Feb. 15, 2018) (awarding a 406(b) fee of $750.00 per hour, which the Commissioner agreed was a reasonable amount); *Payne v. Comm'r of Soc. Sec. Admin.*, 2021 WL 1171501, at *1 (D. Ariz. Mar. 29, 2021) (awarding a 406(b) fee in the amount of $1,200.00 per hour); *Solomon v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4355635, at *1 (D. Ariz. Sept. 24, 2021) (awarding a 406(b) fee in the amount of $750.00 per hour).

As mentioned above, Plaintiff was awarded the sum of $9,500.00 under the EAJA

pursuant to the parties' stipulation. (Doc. 33.) Thus, the amount awarded under § 406(b)(1)(A) must be reduced by $9,500.00. Counsel represents that he "will refund [Plaintiff] $9,500.00 which was previously awarded for EAJA fees, so that his net fee will be $5,649.68. (Doc. 35 at 7.) Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 34) is **granted**. Plaintiff's counsel is awarded fees in the amount of $15,149.68. Within 15 days of receiving payment pursuant to this Order, Plaintiff's counsel shall refund to Plaintiff the amount of $9,500.00 previously awarded under the Equal Access to Justice Act.

Dated this 26th day of August, 2024.

Jennifer G. Zipps
United States District Judge